UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: |
| Plaintiff, | ) | **CIVIL RIGHTS** |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| PINOLO INCORPORATED d/b/a TITO'S MEXICAN GRILL, | ) | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq.* |
| & | ) | |
| RICHFIELD PROPERTIES, LLC | ) | |
| Defendants. | ) | **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Revised Code 4112.02, *et seq.* |
| | ) | **3RD CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Administrative Code 4101:1-11, *et seq.* |

Plaintiff SPENCER NEAL Complains of Defendants PINOLO INCORPORATED doing business as TITO'S MEXICAN GRILL (hereinafter "TITO'S"), and RICHFIELD PROPERTIES, LLC (hereinafter "RICHFIELD"), and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff NEAL is a member of, for failure to remove architectural barriers structural in nature at Defendants' Tito's Mexican Grill and Ghent Place, places of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Neal seeks injunctive relief and damages pursuant to the Americans

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*; Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*

2.       Neal is a person with physical disabilities who, on or about January 1, 2019, was an invitee, guest, patron, or customer at Defendants' Tito's Mexican Grill and Ghent Place, in the City of Fairlawn, Ohio. At said time and place, defendants failed to provide proper legal access to Tito's Mexican Grill and Ghent Place, which are public accommodations and/or public facilities. The denial of access was in violation of both federal and Ohio legal requirements, and Neal suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.       **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*

4.       **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near Ghent Rd., in the City of Fairlawn, County of Summit, State of Ohio and that Neal's causes of action arose in this district.

**PARTIES:**

5.       Neal is a "physically handicapped person," a "physically disabled person," and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Neal is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. Neal requires the use of a wheelchair to travel about in public. Consequently, Neal is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

6. Defendants Pinolo Incorporated, doing business as Tito's Mexican Grill, an Ohio for profit corporation, and Richfield Properties, LLC, an Ohio Limited Liability company, (hereinafter alternatively referred to as "Defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter ego, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by Tito's Mexican Grill and Ghent Place, public accommodations, located at/near 25 Ghent Rd., Fairlawn, Ohio, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendants are the lessee, or agent of the lessees, and/or lessors, of said premises, and/or alter ego of the lessees, lessors and their agents, and owns and operates in joint enterprise the subject Tito's Mexican Grill and Ghent Place as a public facility at/near 25 Ghent Rd., Fairlawn, Ohio. These businesses are open to the general public and conducts business therein. The businesses operating on said premises are public

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

accommodations subject to the requirements of Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.* Neal does not know the relative responsibilities of the Defendants in the operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such Defendants.

8.   At all times relevant to this complaint, Defendants are the landlords/lessors, tenants/lessees and the owners and operators of the subject Tito's Mexican Grill and Ghent Place, public accommodations located at/near 25 Ghent Rd., Fairlawn, Ohio. As such, Defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

### § 36.201      General

> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

> CFR §36.201(b)

9.   Neal does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such Defendants. Neal is informed and believes that the Defendants herein are public accommodations, and are the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Neal may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants are ascertained.

10. Neal is informed and believes that the named Defendants conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. Defendants are the entities that are public accommodations that owns, leases (or leases to), or operate Tito's Mexican Grill, a restaurant, and Ghent Place, a shopping center, located at/near 25 Ghent Rd., Fairlawn, Ohio. Tito's Mexican Grill and Ghent Place and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected Tito's Mexican Grill and Ghent Place to handicapped access requirements.

12. Neal is a person with a disability. Neal is a "physically disabled person," as defined by all applicable Ohio and United States laws. Neal is paralyzed as a result of Spina Bifida and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

requires the use of a wheelchair for mobility and to travel in public.

13. At all times referred to herein and continuing to the present time, Defendants advertised, publicized and held out Tito's Mexican Grill and Ghent Place as being handicapped accessible and handicapped usable.

14. On or about January 1, 2019, Neal was an invitee and guest at the subject restaurant and shopping center, arriving for purposes of eating a meal with his family.

15. Upon his arrival, during his patronizing of the public accommodations, and upon his exit of the facility, Neal personally encountered architectural barriers which denied him the full and equal access to the property.

16. Therefore, at said time and place, Neal, a person with a disability, encountered the following inaccessible elements of the subject Tito's Mexican Grill and Ghent Place which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendants' violations, the following barriers to access were personally encountered by Neal:

    a.  The handicapped parking immediately in front of the entrance to Tito's Mexican Grill are missing access aisles in violation of 2010 ADAS Section 502.3.1 and 502.2;

    b.  There is no van accessible parking in violation of 2010 ADAS Section 502.2;

    c.  The Western-most accessible parking spaces are missing parking signs mounted 36 inches above the ground in violation of 2010 ADAS Section 502.6;

    d.  The Western-most accessible parking is not located on an accessible route of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

travel to the accessible building entrance; the curb ramp can be blocked by a parked vehicle in the marked accessible space in violation of 2010 ADAS Section 208.3.1;

e.  The handicapped parking immediately in front of the entrance to Tito's Mexican Grill is not located on an accessible route of travel to the accessible building entrance; there exists a curb with a change of level that is greater than ¼ inch in violation of 2010 ADAS 206.2.1 and 303.3;

f.  The striping and marking for the accessible parking stalls and access aisles are dilapidated and in need of repair and/or maintenance in violation of 2010 ADAS 502.3.3;

g.  Compliant knee and/or toe clearance is not provided at the dining room tables in violation of 2010 ADAS Section 306.2.1;

h.  Floor mats are not secured in place in violation of 2010 ADAS Section 302.2;

i.  The checkout counter is too high in violation of 2010 ADAS Section 904.4.2 and 904.4.1;

j.  Compliant room identification signs are missing on the strike side of the men's and women's restroom doors in violation of 2010 ADAS Section 216.2;

k.  The maneuvering clearance at the door on the men's restroom is obstructed in violation of 2010 ADAS Section 404.2.4.1;

l.  The men's restroom's water closet toilet has its flush handle located on the wrong side of the toilet in violation of 2010 ADAS 604.6;

m.  The men's restroom has a rear grab bar that is not a minimum 36 inches in length in violation of 2010 ADAS Section 604.5.2;

n.   The men's restroom has a rear grab bar that does not extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side in violation of 2010 ADAS Section 604.5.2;

o.   The men's restroom's water closet has coat hooks that are installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section 308.2.1;

p.   The supply and drain lines under the lavatory of the men's restroom are not adequately insulated in violation of 2010 ADAS Section 606.5;

q.   The men's restroom's mirror is mounted too high in violation of 2010 ADAS Section 603.2;

r.   The men's restroom paper towel dispenser is out of reach range in violation of 2010 ADAS Section 308.2.1;

s.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

17. The discriminatory violations described in ¶ 16 are not an exclusive list of the Defendants' violations. Neal requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

18. At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

*seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

19. As a legal result of Defendants' failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to Neal and other persons with disabilities, Neal suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Neal was denied his civil rights to full and equal access to public facilities. Neal suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. Neal is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendants. Defendants maintained public establishments without access for persons with physical disabilities as stated herein, and continue as of the date of filing this complaint to deny equal access to Neal and other persons with physical disabilities in these and other ways.

22. On information and belief, construction alterations carried out by Defendants have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

23. Neal, as described herein below, seeks injunctive relief to require Tito's Mexican Grill and Ghent Place to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendants operate and/or lease Tito's Mexican Grill and Ghent Place as a public facility. Neal seeks damages for violation of his civil rights, from January 1, 2019 until such date as Defendants brings the establishments into full compliance with the requirements of Ohio and federal law.

24. On information and belief, Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

25. Because of Defendants' violations, Neal and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Neal seeks an order from this court compelling Defendants to make Tito's Mexican Grill and Ghent Place accessible to persons with disabilities.

26. On information and belief, Defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements. The acts and omissions of Defendants in failing to provide the required accessible public facilities at the time of Neal's visit and injuries, indicate actual and implied malice towards Neal, and despicable conduct carried out by Defendants with a willful and conscious disregard for the rights and safety of Neal and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendants to other operators of other establishment and other public facilities, and

to punish Defendants and to carry out the purposes of § 2315.21.

27. Neal is informed and believes and therefore alleges that Defendants caused the subject building and shopping center to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building of Tito's Mexican Grill and Ghent Place shopping center and were denied full and equal use of said public facilities. Further, on information and belief, Defendants have continued to maintain and operate said facilities in such conditions up to the present time, despite actual and constructive notice to such Defendants that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as Neal and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

28. On information and belief, the subject public facilities and building(s) of Tito's Mexican Grill and Ghent Place denied full and equal access to Neal and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

29. On personal knowledge, information and belief, the basis of Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting Tito's Mexican Grill and Ghent Place was in violation of the civil rights of persons with physical disabilities, such as Neal, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendants obtained from governmental agencies upon modification, improvement, or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

substantial repair of the subject premises and other properties owned by this Defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendants' failure, under state and federal law, to make the establishment accessible is further evidence of Defendants' conscious disregard for the rights of Neal and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendants are within Defendants' exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on Neal and other persons with physical disabilities due to the lack of accessible facilities, Defendants knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for Neal and other persons with physical disabilities to the establishment. Said Defendants have continued such practices, in conscious disregard for the rights of Neal and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants have further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the Defendants. Said conduct, with knowledge of the effect it was and is having on Neal and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of Neal and of other similarly situated persons, justifying the imposition of punitive damages.

30. Punitive Damages -- Defendants, at times prior to and including January 1, 2019 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendants failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Neal and other

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

similarly situated persons with disabilities, including the specific notices referred to in paragraph

29 of this complaint. Defendants have failed and refused to take action to grant full and equal

access to persons with physical disabilities in the respects complained of hereinabove.

Defendants have carried out a course of conduct of refusing to respond to, or correct complaints

about, denial of handicap access and has refused to comply with its legal obligations to make

Tito's Mexican Grill and Ghent Place accessible pursuant to the Americans with Disabilities Act

and Ohio law. Such actions and continuing course of conduct by Defendants evidence despicable

conduct in conscious disregard for the rights or safety of Neal and of other similarly situated

persons, justifying an award of punitive damages.

31. Defendants' actions have also been oppressive to persons with physical

disabilities and of other members of the public, and have evidenced actual or implied malicious

intent toward those members of the public, such as Neal and other persons with physical

disabilities who have been denied the proper access they are entitled to by law. Further,

Defendants' refusals on a day-to-day basis to remove the barriers complained of herein evidence

despicable conduct in conscious disregard for the rights of Neal and other members of the

public with physical disabilities.

32. Neal prays for an award of punitive damages against Defendants in an amount

sufficient to make a more profound example of Defendants and discourage owners and operators

of other establishments, and other public facilities, from willful disregard of the rights of persons

with physical disabilities. Plaintiff does not know the financial worth of Defendants and seeks

leave to amend this complaint when such facts are known.

33. Neal will return to Tito's Mexican Grill and Ghent Place, because he enjoys the

Mexican-style food there, if Tito's Mexican Grill and Ghent Place are made fully accessible to a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

disabled person in a wheelchair, and to also avail himself of the restaurant and shopping center's services. Furthermore, Mr. Neal intends to return to Tito's Mexican Grill and Ghent Place as an ADA tester to ascertain whether Defendants removed the barriers to access which are the subject of this litigation.

I.   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

34.    Neal pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 33 of this complaint.

35.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

36.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

disabilities; and (4) to invoke the sweep of Congressional
authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

37.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (B) an entertainment facility, bar, or other establishment serving food or drink;
>
> 42 .S.C. §12181(7)(B).

38.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

39.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendants set forth herein were a violation of Neal's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*, making available damage remedies.

40.     The removal of the barriers complained of by Neal as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Tito's Mexican Grill and Ghent Place pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

41.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Neal alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods which were readily achievable.

42. On information and belief, construction work on, and modifications of, the subject building(s) of Tito's Mexican Grill and Ghent Place occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

43. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, Neal is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Neal cannot return to or make use of the public facilities complained of herein so long as the premises and Defendants' policies bar full and equal use by persons with physical disabilities.

44. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Neal has not returned to Defendants' premises since on or about January 1, 2019, but on information and belief, alleges that Defendants have continued to violate the law and deny

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

45.     Neal seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Neal will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

46.     Neal seek damages pursuant to Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.*

47.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.     At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

It shall be an unlawful discriminatory practice:

(G)     For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of

the place of public accommodation.

49.     Tito's Mexican Grill and Ghent Place are "places of public accommodation" pursuant to Ohio Revised Code § 4112.01(A)(9).

50.     Defendants committed an unlawful act pursuant to Ohio Revised Code § 4112.02(G) by denying Neal the full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, Neal had great difficulty due to extensive barriers for patrons confined to wheelchairs.

51.     Pursuant to Ohio Revised Code § 4112.99, Neal is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

52.     A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendants act or fail to act and/or knowingly and willfully fails and refuse to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of Tito's Mexican Grill and Ghent Place. Neal has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, Neal is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

53.     On or about January 1, 2019, Neal suffered violations of Ohio Revised Code § 4112.02(G) in that Neal was denied access to the facilities as stated herein at Tito's Mexican Grill and Ghent Place and on the basis that Neal was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

54.     As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants in owning, operating and maintaining these subject public facilities, Neal suffered violations of his civil rights, as well as suffering from shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

55.     Neal has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights as a person, including statutory damages according to proof.

56.     As a result of Defendants' acts and omissions in this regard, Neal has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, Neal therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq.***

57.     Neal repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 56 of this complaint.

58.     Ohio Administrative Code (hereinafter "O.A.C.") § 4101:1-11 controls the design and construction of facilities for accessibility for individuals with disabilities.

59.     Sites, buildings, structures, facilities, elements and spaces, temporary or permanent, shall be accessible to individuals with disabilities. O.A.C. § 1103.1.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

60. Tito's Mexican Grill and Ghent Place, being a site, building, structure, facility, element or space, committed an unlawful act pursuant to O.A.C. § 1104.1 by failing to provide at least one accessible route to Tito's Mexican Grill's building entrance.

61. Tito's Mexican Grill and Ghent Place committed an unlawful act pursuant to O.A.C. § 1106.1 by failing to provide any accessible parking spaces, which are to include applicable signage. In violation of O.A.C. § 1106.6, Defendants failed to provide accessible parking spaces on the shortest accessible route of travel from adjacent parking to an accessible building entrance.

62. Defendants' violations denied Neal full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, Neal had great difficulty entering the property due to extensive barriers for patrons confined to wheelchairs on the accessible route.

63. As a result of these violations, Neal is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

64. A separate act in violation of Ohio Administrative Code § 4101:1-11, *et seq.* has been committed each day that Defendants act or fail to act and/or knowingly and willfully fail and refuse to make accessible its site for physically disabled persons presently existing at the subject Tito's Mexican Grill and Ghent Place. Neal has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, Neal is entitled to seek appropriate relief, such as damages.

65. As a result of Defendants' accessibility violations, Neal suffered violations of his

civil rights, as well as suffering from injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

66.    Neal has been damaged by Defendants' wrongful conduct and seeks relief for violation of the O.A.C., including actual and special damages according to proof.

67.    As a result of Defendants' acts and omissions in this regard, Neal has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Neal therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, Plaintiff Spencer Neal prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Neal prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.    For injunctive relief, compelling Defendants to make Tito's Mexican Grill and Ghent Place, located at 25 Ghent Rd., Fairlawn, Ohio, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if Neal is deemed

the prevailing party; and

      3.     For such other and further relief as the court may deem proper.

**I.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.***

      4.     For injunctive relief, compelling Defendants to make Tito's Mexican Grill and Ghent Place, located at 25 Ghent Rd., Akron, Ohio, readily accessible to and usable by individuals with disabilities, per state law.

      5.     General and compensatory damages according to proof;

      6.     All damages for each day, from the inception of the filing of this complaint, on which Defendants have failed to remove barriers which denied Neal and other persons with disabilities full and equal access.

      7.     Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if Neal is deemed the prevailing party;

      8.     Punitive damages, pursuant to Ohio Revised Code § 2315.21;

      9.     For all costs of suit;

     10.    Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

     11.    Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq.***

     12.    For injunctive relief, compelling Defendants to make Tito's Mexican Grill and Ghent Place, located at 25 Ghent Rd., Fairlawn, Ohio, readily accessible to and usable by individuals with disabilities, per state law.

     13.    General and compensatory damages according to proof;

14. All damages for each day, from the inception of the filing of this complaint, on which Defendants have failed to remove barriers which denied Neal and other persons with disabilities full and equal access.

15. Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if Neal is deemed the prevailing party;

16. Punitive damages, pursuant to Ohio Revised Code § 2315.21;

17. For all costs of suit;

18. Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

19. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *BLAISE R. MEEKER*
BLAISE R. MEEKER (Ohio Bar No. 0093050)
/s/ FREELAND D. OLIVERIO
FREELAND D. OLIVERIO (Ohio Bar No. 0098018)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
blaise@bmblaw.com
foliverio@bmblaw.com

Attorneys for Plaintiff SPENCER NEAL